IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TIMOTHY TERRELL WILLIAMS, # K7633**                                      **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 3:12cv259-CWR-FKB**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, FANNIE TONTH,
CHRISTOPHER EPPS, and EMMITT
SPARKMAN**                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER DISMISSING MDOC

BEFORE THE COURT are *pro se* Plaintiff Timothy Terrell Williams's pleadings. He is incarcerated with the Mississippi Department of Corrections ("MDOC"). This action arises out of a vehicle accident while in custody and an alleged deprivation of property. The Court has considered and liberally construed the pleadings. As set forth below, Defendant MDOC is dismissed.

### BACKGROUND

Williams alleges that he was involved in a vehicle accident while being transferred from the Hinds County Restitution Center to Yazoo City. He alleges that he was shackled at the time and not wearing a seat belt. Although he claims to have sustained injuries as a result, he maintains that he has been denied medical treatment and insurance coverage. Additionally, he states that while at the Restitution Center, $1,400 of his money was taken or lost. Among others, he sues MDOC.

### DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Williams to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Williams sues MDOC for damages under Section 1983, and read liberally, under state law.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, the Section 1983

claims against MDOC are dismissed with prejudice.

To the extent MDOC is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, the state law claims against MDOC are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the Section 1983 claims against Defendant Mississippi Department of Corrections should be and are hereby **DISMISSED WITH PREJUDICE**. The State law claims against this Defendant are **DISMISSED WITH PREJUDICE**. The case shall proceed against the remaining Defendants.

**SO ORDERED**, this the 6th day of June, 2012.

                                              s/Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE