UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TIMOTHY TERRELL WILLIAMS                                              PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:12-cv-259-FKB

MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.                DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment filed by Defendants [Docket No. 25], as well as Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies, and for Stay [Docket No. 27]. Having considered the motions, together with parties' filings and the testimony presented at the omnibus hearing[1] in this matter, the Court concludes that the motion for summary judgment is well-taken and should be granted. Therefore, the motion to dismiss is moot.

**FACTS AND HISTORY**

Plaintiff, a state inmate, alleges that while he was being driven from one facility to another by Defendant Tonth, who is an employee of the Mississippi Department of Corrections (MDOC), he was injured in an automobile accident which was Defendant Tonth's fault. Docket No. 1. Plaintiff also alleges that Defendant Tonth denied him medical treatment. *Id.* Plaintiff claims that after the accident, though he told her he was hurt, Defendant Tonth told him that he would be fine, that she would have him released at his upcoming probation hearing and that his "restitution would be payed [sic]." *Id.*

---

[1]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

In response to an Order of the Court, Plaintiff explained that his allegation against Defendant Epps is that Defendant Epps violated the Equal Protection Clause by failing to cover Plaintiff under an insurance policy. Docket No. 9. Plaintiff's allegation against Defendant Sparkman is that Sparkman promotes policies or practices which encourage misconduct by MDOC employees. *Id.* At the omnibus hearing in this matter, Plaintiff further explained that he is suing Defendant Epps for not monitoring the actions of MDOC employees, and Defendant Sparkman for that as well. *Id.* At the hearing, Plaintiff testified that he had $1,400.00 when he left the facility from which Defendant Tonth transported him and he wants it back.

## DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir.1987). "The requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Moreover, the Fifth Circuit has consistently held that "[b]are bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir.1986) (quoting *Nicholas Acoustics*

*& Specialty Co. v. H & M Constr. Co. Inc.*, 695 F.2d 839, 845 (5th Cir.1983)).

B. OFFICIAL CAPACITY CLAIMS

Defendants have moved to dismiss on grounds of Eleventh Amendment immunity and qualified immunity. The State of Mississippi, its governmental entities and their officials sued in their official capacities are not generally amenable to suit pursuant to Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Accordingly, all claims against the defendants in their official capacities are dismissed.

C. INDIVIDUAL CAPACITY CLAIMS

As for claims against Defendants in their individual capacities, to pierce Defendants' qualified immunity, Plaintiff must demonstrate that Defendants personally violated a constitutional right of Plaintiff of which a reasonable official would have been aware. Section 1983 does not recognize vicarious or supervisory liability as a general principle. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

**1. Denial of Medical Care**

Plaintiff may not prevail on a denial of medical care claim unless he demonstrates that the defendants were deliberately indifferent to a serious medical need. *See, e.g., Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Plaintiff must demonstrate both that Defendant Tonth was aware of facts from which an inference could be drawn that he faced a substantial risk of serious harm, and that she drew that inference. *See, e.g., Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). A mere disagreement about the course of treatment does not meet this standard. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Plaintiff testified that he went to the prison infirmary a day or so after the wreck and was given ibuprofen. In support of their motion for summary judgment, Defendants submitted under seal Plaintiff's medical records which indicate that Plaintiff was seen by the prison medical staff at some point subsequent to the accident and had no injuries or complaints at that time. Plaintiff simply has not met the standard for a denial of medical care claim. *See, e.g., Cantrell v. City of Murphy*, 666 F.3d 911 (5th Cir. 2012)(when public employee invokes qualified immunity burden is on plaintiff to demonstrate inapplicability of that defense). Even assuming Plaintiff's version of the facts is true, there is no evidence to support Plaintiff's bald assertion that he had a serious medical need much less that Defendant Tonth was deliberately indifferent to a serious medical need.

## 2. Failure to Protect

Plaintiff alleges that Defendants violated his due process rights. To establish a failure-to-protect, due process claim under Section 1983, Plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm and that the defendants were deliberately indifferent to the risk. *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998); *Spicer v. Collins*, 9 F. Supp. 2d 673, 683-84 (E.D. Tex. 1998)*; Clark v. McMillin*, 932 F. Supp. 789, 792 (S.D. Miss. 1996). To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Newton*, 133 F.3d at 308 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L.Ed.2d 811 (1994)). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

4

Even taking Plaintiff's allegations as true, his claims against the defendants do not meet this standard. There is no evidence that Defendant Tonth had a poor driving record or that either Defendant Epps or Defendant Sparkman was aware of any issue with her driving. Moreover, the accident as described by Plaintiff does not resemble anything other than that-a traffic accident. There is nothing of record to indicate that Defendant Tonth knew Plaintiff faced a substantial risk of serious harm. Plaintiff testified that Defendant Tonth was passing a large truck and it turned left into the vehicle in which he was riding. Though Plaintiff alleges that he saw the truck signal a turn, he does not indicate that Officer Tonth saw it or was passing in a no passing zone with oncoming traffic bearing down on them or anything of that nature. At most, Defendant Tonth was negligent, and that claim does not rise to the level of a constitutional violation. *See Hernandez v. Texas Dept. of Protective and Regulatory Services*, 380 F.3d 872, 882 (5th Cir. 2004)(to establish state official's conduct demonstrated deliberate indifference in violation of plaintiff's substantive due process rights, plaintiff must establish culpability beyond negligence or even gross negligence).

**3. Insurance Claim**

Plaintiff alleges that he should have been covered by insurance and is entitled to some compensation for the accident. He contends that Defendants' failure to provide insurance constitutes a violation of the Due Process and Equal Protection clauses. Plaintiff cites no authority to support his allegation that a failure to insure is a constitutional violation. This claim has no merit.

D.  FAILURE TO EXHAUST

Plaintiff's claim regarding the $1,400.00 restitution is confusing at best.  Be that as it may, Defendants have raised the defense of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), and Plaintiff has failed to demonstrate that he sought recovery of the $1,400.00 through the Administrative Remedy Program.  Accordingly, this claim is dismissed without prejudice.  *See, e.g., Taylor v. Burns*, 371 Fed. Appx. 479 (5th Cir. 2010).

## CONCLUSION

Based on the foregoing, all Plaintiff's claims except those concerning restitution are dismissed with prejudice.  Plaintiff's claims regarding restitution are dismissed without prejudice for failure to exhaust administrative remedies.

SO ORDERED, this the 18th day of January, 2013.

/s/   F. Keith Ball
UNITED STATES MAGISTRATE JUDGE